IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert Neal North,[1] | ) C/A No.: 3:20-3952-JMC-SVH |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER AND NOTICE |
| Dorn VA Hospital, a/k/a VA Dorn Hospital, and Department of Veterans Torts Law Group, | ) |
| Defendants. | ) |

Albert Neal North ("Plaintiff"), proceeding pro se, filed this action against the Dorn VA Hospital and Department of Veterans Torts Law Group ("Defendants") seeking damages. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

Plaintiff states his claim is brought pursuant to "Tort Claims Act evidence negligent wrongful act." [ECF No. 1 at 3]. In Plaintiff's statement of the claim he states the following:

> twice have flashbacks because Doctor wearing clothing in native att[ire] Vietnamese like war clothing told VA Dorn twice did

---

[1] Plaintiff's middle name is sometimes spelled "Neil" in his complaint, but the medical records attached indicate his middle name is "Neal." [ECF No. 1, and 1-1].

> nothing situation cause my min[d] trigger worse and body take all kinds of Prazostin and others.

*Id.* at 5 (errors in original).

II.  Discussion

    A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

To the extent Plaintiff seeks to bring a claim of negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, his claim is subject to summary dismissal. "The FTCA represents a limited congressional waiver of sovereign immunity for injury or loss caused by the negligent or wrongful

act of a Government employee acting within the scope of his or her employment." *Medina v. U.S.*, 259 F.3d 220, 223 (4th Cir. 2001).

Here, Plaintiff has failed to state facts showing Defendants were negligent. Although he claims that the clothing of a doctor at the hospital caused him to experience a flashback, Plaintiff has failed to show sufficient facts demonstrating that Defendants breached a duty owed to Plaintiff.[2] Additionally, Plaintiff's allegations are too vague to show that Defendants could have foreseen that the environment at the hospital would cause Plaintiff to experience flashbacks.

Further, a plaintiff seeking to file a FTCA claim must first exhaust his administrative remedies. Under 28 U.S.C. § 2675:

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Moreover, the exhaustion requirement is jurisdictional and may not be waived. *See Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990). Here, Plaintiff provides no indication in the Complaint that he filed an administrative claim

---

[2] Plaintiff has set forth no allegations whatsoever against defendant Department of Veterans Torts Law Group.

with the proper agency. Therefore, the Complaint does not indicate that the court has jurisdiction over this matter.

In addition, to the extent Plaintiff is asserting a claim of medical malpractice, he failed to meet the requirements for such a claim. Because Plaintiff alleges a substantial part of the acts and omissions underlying his claim occurred in South Carolina [ECF No. 1], South Carolina's substantive law is controlling. *See* 28 U.S.C. § 1346(b)(1) (permitting plaintiffs to recover damages in civil actions for injury or loss caused the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"); *Medina*, 259 F.3d at 223 (noting the FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred"). To recover for negligence under South Carolina law, "a plaintiff must show: (1) the existence of a duty, (2) a breach of that duty by the defendant, (3) an injury, and (4) proximate cause." *Sharpe v. Household Finance Corp. II*, C/A No. 8:09-2784-JMC, 2010 WL 3893846 (D.S.C. Sept. 30, 2010) (citing *Bullard v. Ehrhardt*, 283 S.C. 557, 324 S.E.2d 61 (1984). State courts impose a higher burden for a showing of medical malpractice, requiring the plaintiff to prove: (1) "the generally recognized and accepted practices and

5

procedures that would be followed by average, competent practitioners in the defendants' field of medicine under the same or similar circumstances"; (2) the defendants' "depart[ure] from the recognized and generally accepted standards"; and (3) "that the defendants' departure from such generally recognized practices and procedures was the proximate cause of the plaintiff's alleged injuries and damages." *David v. McLeod Regional Medical Center*, 626 S.E.2d 1, 4 (S.C. 2006).

Because a heightened burden of proof exists in claims for medical malpractice, South Carolina law requires the plaintiff "file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit." S.C. Code Ann. § 15-36-100(B) (1976, as amended). This court has recognized this requirement in claims for medical malpractice brought pursuant to the FTCA. *See Allen v. U.S.*, C/A No. 2:13-2740-RMG, 2015 WL 1517510, at *6 (D.S.C. Apr. 1, 2015) (finding the defendants were "entitled to dismissal of the FTCA claim because Plaintiff failed to file with her Complaint an expert affidavit identifying 'at least one negligent act or omission claimed to exist'") (quoting S.C. Code Ann. § 15-36-100(B)).

Because he has failed to file the requisite affidavit, any claim for medical malpractice is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by December 10, 2020, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

November 19, 2020            Shiva V. Hodges
Columbia, South Carolina     United States Magistrate Judge