IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Albert Neal North,[1] | ) | Civil Action No.: 3:20-cv-03952-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Dorn VA Hospital, a/k/a VA Dorn Hospital, and Department of Veterans Torts Law Group, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Albert Neal North, proceeding pro se,[2] filed this action against Defendants Dorn VA Hospital and Department of Veterans Torts Law Group seeking monetary damages for alleged violations of the "Tort Claims Act evidence negligent wrongful act." (ECF No. 1 at 3.) Plaintiff states the following claim:

> twice have flasback [sic] Because Doctor wearing clothing in Native attaire [sic] Vietnamese like war clothing told VA Dorn twice did nothing situation cause my mine [sic] trigger worset [sic] and body take all kinds of Prazostin and others.

(*Id.* at 5.)

This matter is before the court on the Magistrate Judge's Report and Recommendation recommending that the court sua sponte dismiss North's action for failure to prosecute pursuant to

---

[1] As the Magistrate Judge noted, Plaintiff's middle name is sometimes spelled "Neil" in his complaint, but the medical records attached indicate his middle name is "Neal." (ECF No. 10 (citing ECF Nos. 1, 1-1).)

[2] "Because he is a pro se litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 10 at 4.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On December 15, 2020, the Magistrate Judge issued the aforementioned Report and Recommendation recommending dismissal without prejudice. (ECF No. 10.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and sua sponte dismisses the instant action without prejudice.

## I.     BACKGROUND

On November 12, 2020, North initiated the instant action. (*See* ECF No. 1.) A week later, on November 19, 2020, the Magistrate Judge: (1) ordered North to complete the documents necessary to advance his case by December 10, 2020; and (2) issued notice to North providing reasons why his complaint was subject to dismissal. (ECF Nos. 6, 7.) After North failed to comply with the November 19, 2020 order, on December 15, 2020, the Magistrate Judge issued the aforementioned Report recommending that the court dismiss the action against it without prejudice. (ECF No. 10.)

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or

modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### III.     ANALYSIS

A.     <u>The Magistrate Judge's Review</u>

In the Report, the Magistrate Judge discussed a district court's "well established" authority to dismiss an action sua sponte for failure to prosecute. (ECF No. 10 at 4.) The Magistrate Judge observed that this authority does not solely emanate from Rule 41(b): it is an "inherent power" born out of "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (*Id.* (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).) After considering North's failure to comply with the court's order to complete the documents necessary to advance his case, the Magistrate Judge recommended that the court sua sponte dismiss the action without prejudice for failure to prosecute pursuant to Rule 41(b). (*Id.*)

B.     <u>No Objections by North</u>

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service. (ECF No. 10-1 at 1 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).) However, none of the parties filed any objections before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life &*

3

*Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 10) and **DISMISSES WITHOUT PREJUDICE** North's Complaint (ECF No. 1) pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The court further **DENIES AS MOOT** North's Application to Proceed in District Court without Prepaying Fees or Costs. (ECF No. 2.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 3, 2021
Columbia, South Carolina